IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY ALLEN TOWERY, #608033, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1509-D |
| | ) | |
| BRYAN COLLIER, Director of Parole, | ) | |
| et al., | ) | |
|     Respondents. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee.

Parties: Petitioner is presently incarcerated at the Central Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Sugar Land, Texas. Respondent is Bryan Collier, Director of Parole, and Gregg Abbot, Attorney General. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Petitioner seeks to collaterally attack a 1985 conviction for indecency with a child from Palo Pinto County, Texas, for which he was sentenced to seven years imprisonment. (Petition (Pet.) at 2). He alleges that in 1998, when he was released to mandatory supervision on a 1991 forgery conviction from Harris County, Texas, TDCJ Pardon

and Parole Division relied on his 1985 conviction to require that he register as a sex offender and participate in the Sexual Offender Treatment Program (SOTP). (Pet. at 7-8).

In his federal petition filed on August 21, 2006, Petitioner raises the following grounds for relief:

(1) he is entitled to exemption from registration because he has fully discharged his 1985 conviction for indecency with a child;

(2) TDCJ repeatedly failed to issue a discharge certificate on his 1985 conviction for indecency with a child;

(3) the Pardon and Parole Board abused its discretion in requiring sex offender registration and participation in SOTP in connection with his 1998 release to mandatory supervision; and

(4) TDCJ violated Petitioner's due process rights in failing to give him notice, prior to his mandatory supervision release in 1998, that he might be required to register as a sex offender and participate in SOTP upon his release.

(Pet. at 7-8).

Findings and Conclusions: The petition in this case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits and the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Presently Petitioner is not incarcerated on the basis of his 1985 conviction for indecency with a child, which he expressly seeks to attack in his petition. (Pet. at 2). Petitioner concedes

as much. (Pet. at 7). The pleadings and the TDCJ Offender Information Detail (see Attachment I) reflect that he is presently incarcerated on a forgery conviction from Harris County, Texas, for which he was sentenced to eighteen years of imprisonment. Moreover, it appears that all claims alleged in the petition stem from his placement on and the subsequent revocation of mandatory supervision on his 1991 forgery conviction. Because Petitioner is not "in custody" on his 1985 conviction, he cannot bring a federal habeas action based solely on that conviction. See Maleng v. Cook, 490 U.S. 488, 493 (1989); Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401-02 (2001). Therefore, the instant petition should be dismissed for want of jurisdiction.[1]

---

[1] In Maleng, 490 U.S. at 493-94, and Lackawanna County District Attorney, 532 U.S. at 401-02, the Supreme Court acknowledged that because a § 2254 petition could be construed as asserting a challenge on a current sentence, as enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence.
   The claims raised in the instant petition do not allege facts that could be liberally construed to raise an "in custody" issue under Maleng and Lackawanna.
   Moreover, a habeas petition challenging the sex-offender and SOTP requirements (in connection with his past and possibly future release on mandatory supervision with respect to his 1991 forgery conviction) would be proper only in the district of conviction or in the district of his present confinement, namely the U.S. District Court for the Southern District of Texas, Houston Division. 28 U.S.C. § 2241(d); accord Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 24th day of August, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**